**2007 BNH 009**    Note:   This is an unreported opinion.  Refer to LBR 1050-1 regarding citation.
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:                                                                                                  Bk. No. 05-14326-JMD
                                                                                                        Chapter 7
Christopher Baroody,
             Debtor


Helene Baroody,
             Plaintiff

v.                                                                                                      Adv. No. 05-1223-JMD

Christopher Baroody,
             Defendant

*Eleanor Wm. Dahar, Esq.*
*Victor W. Dahar, P.A.*
*Manchester, NH*
*Attorney for Plaintiff*

*Nancy H. Michels, Esq.*
*Michels & Michels*
*Londonderry, NH*
*Attorney for Debtor/Defendant*

## MEMORANDUM OPINION

### I. INTRODUCTION

Helene Baroody (the "Plaintiff") commenced this adversary proceeding on December 30, 2005 by filing a complaint against the Debtor, her ex-husband Christopher Baroody (the "Defendant"), pursuant to 11 U.S.C. §§ 523(a)(5) and (a)(15).[1]  The issue before the Court is

_____

[1] Unless otherwise indicated, all references to "section" or "§" refer to Title 11 of the United States Code, 11 U.S.C. § 101 et seq., prior to amendment by the Bankruptcy Abuse Prevention and

whether the Defendant's obligation to pay the Plaintiff $7,500.00 to cover legal fees, as mandated in the parties' divorce decree (the "Divorce Decree"), is dischargeable under the Bankruptcy Code. The Court held a half-day trial on November 21, 2006. This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. FACTS

The parties are presently divorced from one another. Their Divorce Decree was entered at Hillsborough County Superior Court on December 4, 2003 and was subsequently adjudged final on March 18, 2005, after appeal to the New Hampshire Supreme Court. The Divorce Decree provides the legal framework for the complete dissolution of the parties' marriage and is the source from which the Defendant's obligation to pay $7,500.00 in legal fees (the "Legal Fees") to the Plaintiff springs.

The Divorce Decree ordered the Defendant to pay the Plaintiff $1,100.00 per month in alimony, for a minimum of five years, and $1,045.39 per month in child support. It also ordered the Defendant to pay the Legal Fees, due within six months of the final execution of the decree. The Plaintiff was awarded the marital homestead, along with any and all indebtedness thereon, as well as the Defendant's two 401(k) accounts, totaling approximately $45,400.00, with the stipulation that she was to liquidate the accounts and use that money to pay off a list of debts

---

Consumer Protection Act of 2005, Pub. L. No. 109-8.

which had arisen during the course of the marriage.[2]  In the event that the money from the 401(k)s were not enough to cover the marital debts, the balance was to become the sole responsibility of the Defendant.

From the date that the Hillsborough County Superior Court executed the Divorce Decree on December 4, 2003 until the date that the Defendant filed a petition under chapter 7 of the Bankruptcy Code on October 5, 2005 (the "Petition Date"), he made several payments ordered by the Divorce Decree but did not make all payments as required.  These outstanding debts led the Plaintiff to file this adversary proceeding, requesting that the Court find three separate debts, including the Legal Fees, to be nondischargeable under § 523(a)(5) or in the alternative under § 523(a)(15).  On the day of trial the Plaintiff dropped her complaint as to two of the Defendant's debts and the Court held a trial on the dischargeability of the Legal Fees.

### III. DISCUSSION

#### A. Section 523(a)(5)

As applicable on the Petition Date, § 523(a)(5) excepts from discharge all debts owed by a debtor to a former spouse which are in the nature of alimony, maintenance, or support and arise out of a separation agreement, divorce decree, or other court order.[3]  Specifically, it provides:

> (a) A discharge . . . does not discharge an individual debtor from any debt–
>
>> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement,

---

[2] Paragraph 17 of the Divorce Decree lists the debts to be paid from the 401(k) proceeds.

[3] It is not disputed that the Divorce Decree qualifies as a divorce decree under both §§ 523(a)(5) and (a)(15).

3

> divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that–
>
> (A) such debt is assigned to another entity . . . ; or
>
> (B) such debt included a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

11 U.S.C. § 523(a)(5). The critical issue in concluding whether a debt may be excepted from discharge under § 523(a)(5) is determining whether that debt is "in the nature of alimony, maintenance or support" or was awarded for some other purpose. Werthen v. Werthen (In re Werthen), 329 F.3d 269, 273 (1st Cir. 2003); Savoy v. Savoy (In re Savoy), 2006 BNH 028, 4; Davis v. Davis (In re Davis), 2003 BNH 033, 4. In coming to this conclusion the Court must take its guidance from federal bankruptcy law and not from state law. See Peterson v. Peterson (In re Peterson), 292 B.R. 228, 231 (Bankr. D.N.H. 2003); Bourassa v. Bourassa (In re Bourassa), 168 B.R. 8, 10 (Bankr. D.N.H. 1994); Coe v. Johnson (In re Johnson), 144 B.R. 209, 214 (Bankr. D.N.H. 1992). The Plaintiff, as the party seeking to have the debt adjudged nondischargeable, bears the burden of proof under § 523(a)(5). Savoy, 2006 BNH at 5; see Werthen, 329 F.3d at 271-72.

To begin, the Court will address the argument proffered by the Plaintiff at trial and in her post-trial Request for Findings of Fact and Rulings of Law (Doc. No. 29, par. 44) that the Divorce Decree was designed to be a *global support settlement* and, as such, the Legal Fees obligation should be governed by § 523(a)(5). This argument fails for two reasons.

First, the Court can find no evidence indicating that the Hillsborough County Superior Court intended this entire Divorce Decree as a global support settlement. Second, the Plaintiff's

4

argument inflates the word "support" in § 523(a)(5) beyond its reasonable interpretation. Following the Plaintiff's interpretation, the granting of marital assets to one spouse would always be characterized as "support" in divorce cases under the broad view that any and all assets contribute to a party's overall financial well-being. Despite being a reasoned and logical argument when self-contained, "such a construction would transgress the oft-stated interpretive rule that 'all words and provisions of statutes are intended to have meaning and are to be given effect, and no construction should be adopted which would render statutory words or phrases meaningless . . . .'" United States v. Holmquist, 36 F.3d 154, 160 (1st Cir. 1994) (citing United States v. Ven-Fuel, Inc., 758 F.2d 741, 751-52 (1st Cir. 1985)). Specifically, to interpret "support" so broadly would strip all significance from § 523(a)(15) which governs debts in the nature of property settlements arising from a divorce decree. If the entire Divorce Decree were considered "support," then by implication nothing could be considered a property settlement, thereby obviating the relevancy of § 523(a)(15).

Determining the nature of the debt, which in this case is one component of the Divorce Decree, is a "case-specific, factual determination" focused on the intended nature at the time of the divorce.[4] Cowell v. Hale (In re Hale), 289 B.R. 788, 791 (B.A.P. 1st Cir. 2003); Savoy, 2006 BNH 028, 5; Davis, 2003 BNH 033, 5; see Bourassa, 168 B.R. at 10. The structure and language of the Divorce Decree, as well as substantive state law, may inform the Court's decision, but are not controlling. Brasslett v. Brasslett (In re Brasslett), 233 B.R. 177, 188 (Bankr. D. Me. 1999). The Court looks to three primary factors in making its decision: (1) the language and substance

---

[4] The Legal Fees obligation was not awarded to the Plaintiff as part of enforcing obligations for alimony, maintenance or support. Accordingly, it is not deemed to be an extension of the alimony, support and maintenance awarded in the Divorce Decree. See Macy v. Macy, 114 F.3d 1 (1st Cir. 1997).

5

of the agreement or order; (2) the relative financial circumstances of the parties at the time of the agreement or order; and (3) how the payment at issue is structured (e.g., whether it is a periodic or lump sum payment, or whether payment terminates upon the occurrence of a future contingent event). Davis, 2003 BNH 033, 5; Smith v. Anderson (In re Anderson), 1999 BNH 034, 6. "These factors are listed in descending order with respect to interpretative significance and [are] used only as aids in resolving the question of intent." Id.

      The Court first looks to the Divorce Decree, analyzing the language and substance of the order to gather insight as to whether the Defendant's obligation to pay the Legal Fees is in the nature of alimony, maintenance, or support. Of particular note is the arrangement of each separate obligation throughout the document. Paragraph 9 of the Divorce Decree specifically addresses alimony, ordering the Defendant to pay the Plaintiff $1,100.00 monthly for a minimum of five years and paragraph 3 incorporates a Uniform Support Order (the "USO").[5] In contrast, the order requiring that the Defendant pay the Legal Fees is not set forth until paragraph 24(A) under the label "Other Requests" and immediately following paragraphs detailing the division of real and personal property. While labels in the Divorce Decree are not binding on the Court, the arrangement does not support a finding that the Legal Fees obligation was intended to be an obligation in the nature of alimony, maintenance or support.

      Next the Court turns to the financial circumstances of the parties. An analysis of the parties' relative financial positions at the time that the Divorce Decree was entered does indicate

---

[5] As its name indicates the USO details the support obligations of the parties. It orders the Defendant to pay the Plaintiff spousal support and child support, but does not mention the Legal Fees.

that the Defendant was in a superior financial position. This fact alone does not control, but is supportive of the Plaintiff's position in a close case.

The final determination regarding the nature of this obligation turns on its structure and its intended purpose in this Divorce Decree. The Legal Fees obligation was a lump sum payment of $7,500.00 to be paid within six months and was not dependent on the death or remarriage of the Plaintiff which, on its face, favors the Defendant's position. However, divorce counsel for the Plaintiff testified that the underlying rationale of the Divorce Decree was to create a situation in which the Plaintiff could refinance the residence awarded to her under the Divorce Decree, thereby lowering the payments to an affordable amount. He testified that to do so required the Plaintiff to be debt free and that both the Legal Fees provision of paragraph 24(A) and the debt payments under paragraph 17 were all structured to accomplish the purpose of allowing the Plaintiff to refinance the home. He also testified that the amount of the final alimony and support awarded through the Divorce Decree were lower than the prior temporary orders because the intent, post-divorce, was for the Plaintiff to pay the ongoing costs of maintaining and occupying the residence awarded to her. The testimony of the Plaintiff's divorce counsel regarding the structure and intent of the Divorce Decree was not rebutted by the Defendant.

The Court finds that payment of the Legal Fees obligation was key to easing the Plaintiff's burden as the costs of maintaining the residence of the Plaintiff and the minor child shifted to her because such payment would enable her to refinance the existing mortgage on the residence. Taken together, the provisions of paragraphs 17 and 24(A) of the Divorce Decree, if implemented would render both the Plaintiff and the Defendant essentially debt free post-divorce. Although those debts to be paid under paragraph 17 were not all debts of the Plaintiff,

7

and they were to be paid from property of the Defendant or, in the event of a shortfall, by the Defendant himself, the payment of such debts would have the same effect as the payment of the Legal Fees under paragraph 24(A), namely enabling the Plaintiff to lower the carrying costs of the residence and, therefore, lowering the amount of the Defendant's alimony and support obligations under the Divorce Decree. The Court finds that the debt payments under paragraphs 17 and 24(A) of the Divorce Decree were intended to be an integral part of the Plaintiff's ability to pay the carrying costs of the residence post-divorce out of the alimony and support payments included or contemplated in the Divorce Decree. The Defendant argues that the facts of this case and the Divorce decree are substantially similar to the facts and decree in Savoy v. Savoy (In re Savoy), 2006 BNH 028. The Court disagrees. The testimony in Savoy indicated that the legal fees in that case were added to the draft decree after negotiations on the amounts of alimony and support had been completed. Savoy, 2006 BNH at 7. In this case, the testimony was that the payment of legal fees, and other debts, were an integral part of determining the amount of alimony and support. Therefore, the Court concludes the Legal Fees obligation under paragraph 24(A) is in the nature of alimony and support and is not dischargeable pursuant to section 523(a)(5) of the Bankruptcy Code.

### B. Section 523(a)(15)

Having found the Legal Fees obligation to be in the nature of alimony, maintenance and support under § 523(a)(5), such obligation cannot be an obligation "not of a kind described in [§ 523(a)(5)]." Accordingly, Count II of the Plaintiff's complaint shall be denied.

## IV.  CONCLUSION

For the reasons set forth in this opinion, the Court shall enter a separate judgment for the Plaintiff under Count I of the complaint and for the Defendant under Count II of the complaint. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

ENTERED at Manchester, New Hampshire.


Date:   January 29, 2007                /s/ J. Michael Deasy
                                        J. Michael Deasy
                                        Bankruptcy Judge